FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 4:15 pm, Dec 16, 2020

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CRAIG LAMAR ELKINS, | * | |
| | * | |
| Movant, | * | CIVIL ACTION NO.: 2:18-cv-10 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 2:15-cr-22) |
| | * | |
| Respondent. | * | |

## ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 21. Movant Craig Elkins ("Elkins") filed Objections to the Report and Recommendation. Dkt. No. 22.

The Magistrate Judge recommended the Court grant Respondent's Motion to Dismiss Elkins' 28 U.S.C. § 2255 Motion to vacate, set aside, or correct his sentence and deny Elkins' Motion. Dkt. No. 21. The Magistrate Judge denied Elkins' motion to amend as untimely, but the Magistrate Judge also reviewed the merits of Elkins' proposed amendment, finding it unavailing. Id. at pp. 27-29.

Elkins' Objections to the Magistrate Judge's recommendations are largely a reiteration of the allegations he

made in his original § 2255 Motion. Dkt. No. 22, pp. 1-7. These Objections, though responsive to the Report and Recommendation, are without merit.[1]

Additionally, Elkins argues his appointed attorney, Nathan Williams, told him several times the Bureau of Prisons "has non-violent inmates doing just 65% of their time," and he would ask the Court to order Elkins' state sentence run concurrently with his federal sentence. Id. at p. 5. Elkins avers he stated he was "satisfied" with Mr. Williams' representation at his plea hearing based on these assertions. Id.

Elkins raises these assertions for the first time in his Objections, and the Court is under no obligation to consider them. Mays v. Joseph, CV119-215, 2020 WL 3815262, at *1 (S.D. Ga. July 7, 2020) (noting courts have discretion to consider factual claims raised for the first time in objections to a report and recommendation). Nevertheless, assuming Mr. Williams advised Elkins in this manner, such assertions do not entitle Elkins to any relief.[2]

---

[1] To the extent Elkins objects to the Magistrate Judge's denial of his motion to amend, dkt. no. 22, p. 8, the Court **OVERRULES** this objection.  The Magistrate Judge's Order is not clearly erroneous nor contrary to law.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a).  What is more and as noted above, the Magistrate Judge examined the relative merits of the claims Elkins wished to bring via an amendment and found them to be unavailing.  Dkt. No. 21, pp. 27-29.

[2] Because Elkins makes this assertion for the first time in his Objections and Respondent did not have an opportunity to respond to the assertion, the Court is unable to resolve whether Mr. Williams actually gave the purported advice.  However, as explained below, the

2

Parole has been abolished in the federal system and was done so many years ago; therefore, Elkins will have to serve the entirety of his 151-month sentence. United States v. Blackshear, No. 588CR003, 2008 WL 4845520, at *1 n.1 (S.D. Ga. Nov. 10, 2008) ("In the 1980s the federal system abolished parole and now uses supervised release to supervise felons after they get out of prison.  People on supervised release have not completed their sentences, they are serving them.") (cits. omitted).  Thus, to the extent Mr. Williams stated Elkins would only serve a portion of his sentence—on the theory Elkins would receive parole—that guidance was incorrect.

However, as the Magistrate Judge explained, an error in estimating or calculating a sentence is typically not grounds for an ineffective assistance of counsel claim.  Dkt. No. 21, p. 15 (citing cases).  More importantly, Elkins cannot demonstrate any prejudice arising from any purportedly deficient performance.  The record of the Rule 11 hearing demonstrates Elkins understood the maximum possible sentence for the offense charged, the sentencing guidelines and recommendations as to a sentence were not binding on the Court, and it was solely up to the Court to determine what sentence would be imposed. United States v. Elkins, 2:15-cr-22 ("Crim. Case"), Dkt. No. 29, pp. 3,

---

outcome would be the same, regardless of whether Mr. Williams gave the faulty advice.

7-12. Indeed, Elkins confirmed under oath no one promised him an exact sentence. Id. at p. 12. Furthermore, at his sentencing, Elkins argued various objections to the Court on certain matters, but when the Court stated his federal sentence would run consecutive to his state sentence, neither Elkins nor his counsel raised any objection. Crim. Case, Dkt. No. 24, pp. 23, 25. The Magistrate Judge also noted Elkins would have faced a higher sentence had he not pleaded guilty and received benefit of acceptance of responsibility and been found guilty at trial. Dkt. No. 21, p. 17 & n.4. Finally, Elkins does not claim he would not have pleaded guilty and would have insisted on going to trial if Mr. Williams had provided different advice on the duration and concurrency of his sentence. Dkt. No. 22, p. 5 (explaining Elkins said he was satisfied with Mr. Williams' representation during the Rule 11 hearing based on the duration and concurrency advice but failing to allege different advice would have caused Elkins to take a different course of action).

In light of these facts, Elkins has not shown, even if Mr. Williams had advised him he would only serve a portion of his sentence and his state and federal sentences would be served concurrently, he was prejudiced. See Hill v. Lockhart, 474 U.S. 52, 60 (1985) (Petitioner did not satisfy the prejudice prong to establish ineffective assistance of counsel, and petitioner's mistaken belief he would become eligible for parole after

4

serving a portion of his sentence "would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted."); see also United States v. Wick, 126 F. App'x 846, 848 (9th Cir. 2005) (noting district court's conclusion defendant would not have accepted a plea agreement based on speculative possibility he would not serve his sentence in prison was not clearly erroneous, and defendant was not prejudiced by counsel's conduct during plea negotiations); Sanchez v. United States, No. 2:11-CV-271, 2012 WL 6589872, at *4 (N.D. Tex. Nov. 30, 2012) (finding it difficult to reconcile defendant's claim his sentences were to run concurrently where plea agreement has no such guarantee and specifically states the sentence is within the court's discretion); Yeager v. Crosby, No. 6:03CV1046, 2006 WL 1641914, at * (M.D. Fla. June 8, 2006) (collecting cases rejecting ineffective assistance of counsel claims based on faulty guidance regarding concurrency of sentences or availability of parole). Accordingly, even if this ground were properly raised, it would not entitle Elkins to any relief.

The Court further notes Elkins attached to his Objections a letter and a copy of a sealed case from an Albany County, New York case. Dkt. No. 22-1, pp. 2-3. Although it is not clear,

5

it appears Elkins provided these documents to address a statement in the Report and Recommendation, where the Magistrate Judge stated Elkins had "at least two prior convictions for violent felonies."[3] Dkt. No. 22, p. 5 (discussing Report and Recommendation, Dkt. No. 21, p. 19). Elkins concedes he had two prior convictions, but appears to indicate the convictions were for nonviolent, not violent offenses. Id. Elkins suggests the Albany County records support his position. The reference to two prior convictions for "violent" felonies in the Report and Recommendation appears to be an incorrect statement but not a material one and was made once. Indeed, this statement has no bearing on the Magistrate Judge's recommendations, as it is clear from his analysis of Elkins' status as a career offender Elkins' career offender status was based on his prior convictions for controlled substance offenses within the meaning of § 4B1.1(a) of the United States Sentencing Guidelines and not based on prior convictions for violent felonies. Dkt. No. 21, pp. 23-25. Moreover, Elkins' status as a career offender was based on his prior State of Georgia convictions for controlled substance offenses. Id. at p. 24.

Accordingly, the Court **OVERRULES** Elkins' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the

---

[3] Elkins provides little to no explanation for the submission of these documents. The Court can discern no reason for the submission of these documents, other than the one discussed here.

opinion of the Court.  The Court **GRANTS** Respondent's Motion to Dismiss, **DENIES** Elkins' § 2255 Motion, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Elkins a Certificate of Appealability and *in forma pauperis* status on appeal.

    **SO ORDERED**, this 16 day of December, 2020.

                            HON. LISA GODBEY WOOD, JUDGE
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF GEORGIA